

CONN/NHCt
FILED-CR-60

2005 MAR 28 A 10 04

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT  U.S. DISTRICT COURT
NEW HAVEN, CT

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 1st day of December, two thousand and four.

PRESENT:
    HON. WILFRED FEINBERG,
    HON. PIERRE N. LEVAL,
    HON. CHESTER J. STRAUB,
              *Circuit Judges.*



UNITED STATES OF AMERICA,

    *Appellee,*

    v.                                                                                **SUMMARY ORDER**
                                                          No. 03-1249-cr

NATHAN SNAPE,

    *Defendant-Appellant.*

| Appearing for Defendant-Appellant: | Francis L. O'Reilly, Fairfield, CT |
|---|---|
| Appearing for Appellee: | Robert M. Spector, Assistant United States Attorney for the District of Connecticut (Kevin J. O'Connor, United States Attorney, on the brief; William J. Nardini, Assistant United States Attorney, of counsel), New Haven, CT |

—ISSUED AS MANDATE: 3-16-05

*United States v. Snape*
No. 03-1249-cr
Page 2

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED**.

Defendant-Appellant Nathan Snape ("Snape") appeals from a final judgment of conviction entered on April 25, 2003 in the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*). Following a jury trial, Snape was convicted of one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 84 months' imprisonment, a three-year term of supervised release, and a mandatory special assessment of $100. On appeal, Snape challenges his conviction and sentence on the grounds that the District Court erred in failing to suppress certain evidence and by applying enhancements to his sentence based on facts found by the District Court by a preponderance of the evidence. We assume familiarity with the underlying facts and the procedural history of this case.

*United States v. Snape*
No. 03-1249-cr
Page 3

honored." *Miranda v. Arizona*, 384 U.S. 436, 467 (1966). Any waiver of those rights must be knowing, intelligent, and voluntary. *Id.* at 467-73.

Snape does not deny that Special Agent Chad Campanell orally advised him of his *Miranda* rights during the October 9 interview and that Snape subsequently signed a written waiver of those rights. Snape claims, however, that the District Court erroneously credited Special Agent Campanell's testimony that Snape was given the *Miranda* warnings at the outset of the interview and failed to credit Snape's testimony that Snape was given the warnings in the middle of the questioning – after he had made inculpatory statements.[1] If Snape's version of the events were credited, Snape argues, Special Agent Campanell employed the "question first," warn later technique that was deemed unconstitutional by a plurality of the United States Supreme Court in *Missouri v. Seibert*, 124 S.Ct. 2601 (2004). We accord great deference, however, to a District Court's credibility determinations. *See United States v. Gaines*, 295 F.3d 293, 298 (2d Cir. 2002). Because the District Court's finding that Snape was given the warnings at the outset of the interview is not clearly erroneous, *Seibert* does not apply, and Snape's argument on this point fails.

Snape also argues that his statements were not voluntary because the officers misled him as to the topic of the interview and lured him with the prospect of leniency. The District Court found, however, that Agent Campanell advised Snape that he was going to inquire generally

---

[1] Snape does not appear to claim that the allegedly inculpatory statements he made when he was arrested on October 1, 2001 factor into the analysis. The October 1 statements were not introduced at trial by the government, nor by Snape at the hearing on the motion to suppress.

*United States v. Snape*
No. 03-1249-cr
Page 4

about criminal activity and guns in the Greene Homes housing project in Bridgeport, Connecticut, that he did so inquire, and that Snape "volunteered" information about his own criminal activity, namely, the gun and ammunition in the apartment where he was arrested. The District Court also found that Snape was "in no physical distress or discomfort," the agent's conduct was not "overbearing, intimidating, abusive, either physically or emotionally [or] psychologically," or "threat[ening]," and that the duration of the questioning "was not long." As the District Court's findings are not clearly erroneous, we find no error in the District Court's determination that Snape's October 9, 2001 statements were made voluntarily. Accordingly, it did not err in refusing to suppress those statements.

Snape also challenges the District Court's denial of his motion to suppress the firearm and ammunition obtained from the October 1, 2001 search of Apartment 334 at 68 Highland Avenue in Bridgeport, Connecticut, pursuant to a search warrant. Snape argues that the information contained in the search warrant application did not support a finding of probable cause because (1) the warrant application was based upon a statement from a confidential informant whose reliability was not asserted in the application, and (2) the confidential informant's statements were not corroborated by an independent investigation or corroborating facts.

In determining whether the warrant application showed probable cause to believe that Snape, or evidence of his whereabouts, would be found in the apartment, "the issuing magistrate [wa]s simply to make a practical, common-sense decision . . . given all the circumstances set forth in the affidavit before him." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). When a warrant is

*United States v. Snape*
No. 03-1249-cr
Page 5

based upon information obtained from a confidential informant, courts assess that information by examining the totality of the circumstances bearing on its reliability. *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000). Courts conducting an after-the-fact review of a judicial officer's decision to issue a warrant based on probable cause pay great deference to the issuing judge's determination of probable cause. *See Gates*, 462 U.S. at 236; *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993).

Applying the above standards, the determination of probable cause by the judge who issued the warrant was well justified. Though Deputy Marshal Lawrence Bobnick and Officer William Griffin did not make any claims concerning the confidential informant's reliability in the warrant application, it is improper to reject reasonably corroborated information from an informant "simply because he has no proven record of truthfulness or accuracy." *Canfield*, 212 F.3d at 719 (internal quotation marks omitted). Moreover, the investigating agents substantially corroborated the information provided by the confidential informant that Snape resided in Apartment 334 at 68 Highland Avenue in Bridgeport, Connecticut. The warrant application stated that the agents went to the apartment on September 21, 2001, knocked on the door for approximately one minute, heard quiet noises emanating from within the apartment before the door was opened by a four-year-old child, found the child and an infant in the apartment, observed numerous articles of men's clothing and evidence to suggest someone had just fled out of a bathroom window, and learned from the older child that she sees her father all the time and that he had just left before the officers arrived. The confidential informant subsequently informed Deputy Marshal Bobnick that the two children residing in the apartment belonged to

*United States v. Snape*
No. 03-1249-cr
Page 6

Snape. Accordingly, on the basis of all the information communicated to the issuing judge, we can find no fault with his determination that a warrant was justified on the basis of probable cause that Snape could be found at the apartment. The information supplied to the judge was certainly sufficient to satisfy the deferential standard applied in the review of the lawfulness of warrants. *See Gates*, 462 U.S. at 236; *Smith*, 9 F.3d at 1012.

Even assuming arguendo that the issuing judge lacked a substantial basis for his probable cause determination, the evidence nonetheless was properly admitted because the agents relied in good faith on a facially valid warrant issued by a neutral and detached judicial officer. *See United States v. Leon*, 468 U.S. 897, 926 (1984). The Supreme Court held in *Leon* that the exclusionary rule barring illegally obtained evidence from the courtroom does not apply to evidence seized in "objectively reasonable" reliance on a warrant issued by a detached and neutral magistrate, even where the warrant is subsequently deemed invalid. 468 U.S. at 922. There is no indication in this record that Deputy Marshal Bobnick and Officer Griffin deliberately or recklessly misled the issuing judge in the warrant application, or that the judge abdicated his duty. *Id.* at 926. There is also no basis for concluding that the agents acted otherwise than reasonably and in good faith in relying on the authority of the warrant. We therefore conclude that the District Court did not err in refusing to suppress the evidence obtained by the search.

Snape also raises a Sixth Amendment challenge to his sentence under *Blakely v. Washington*, ___U.S.___, 124 S. Ct. 2531 (June 24, 2004), on the ground that the enhancements made to his sentence were based on facts found by the District Court by a preponderance of the

*United States v. Snape*
No. 03-1249-cr
Page 7

1  evidence. In accordance with *United States v. Mincey*, 380 F.3d 102, 105-06 (2d Cir. 2004), this

2  challenge is rejected.

3  For the reasons set forth above, the judgment of the District Court is hereby

4  **AFFIRMED**.

5  The mandate in this case will be held pending the Supreme Court's decision in *United*

6  *States v. Booker*, No. 04-104 (U.S. *cert. granted* Aug. 2, 2004) (mem.), and *United States v.*

7  *Fanfan*, No. 04-105 (U.S. *cert. granted* Aug. 2, 2004) (mem.). Should any party believe there is

8  a special need for the District Court to exercise jurisdiction prior to the Supreme Court's

9  decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any

10 petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal

11 Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that

12 address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*.

13 In that regard, the parties will have 14 days following the Supreme Court's decision to file

14 supplemental petitions for rehearing in light of *Booker* and *Fanfan*.

15 FOR THE COURT:

16 ROSEANN B. MACKECHNIE, CLERK

17

18 *[signature: Lucille Carr]*   12/1/04

19 BY:                           DATE:

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _[signature]_
DEPUTY CLERK