UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | No. 3:02CR60(JCH) |
|---|---|---|
| versus | : : : : : | |
| NATHAN SNAPE | : | October 24 2005 |

### MOTION IN SUPPORT OF RESENTENCING NUNC PRO TUNC

The undersigned counsel submits this motion in support of the re-sentencing of the Defendant pursuant to the dictates of United States v. Booker/ Fanfan.

The decision in United States v. Fanfan,. 543 U.S.___ (2005) at 2, make the Sentencing guidelines non-mandatory and "effectively advisory." Id.  In fact the court in Fanfan directs that the lower courts "to consider guideline ranges … but it permits the court to tailor the sentence in light of other statutory concerns as well." Id.  See also United States v. Crosby, 391 F.3d 103 (2nd. Cir. 2005). The other statutory concerns are delineated in 18 U.S.C. 3553(a) (1) as the nature and circumstance of the offense and the history and circumstance of the defendant. Id. Further by excising the mandatory application of the guideline as stated in 18 U.S.C. 3553(b)(1), the remaining statutory provision regarding the imposition of a sentence is § 3553 (a)(1), which provides very broad criteria for courts to consider in imposing sentence. Accordingly, the sentence guidelines must be considered, however, so must the provisions of § 3553(a). U.S. v. Fanfan at 2.

It is Mr. Snape's position that the sentencing guidelines are now one of many factors a court may consider in sentencing a defendant. United States v. Crosby, Id. While it is true that

courts must consider the guidelines, there is no mandate that they must be presumed reasonable, or for that matter, followed at all. A court may consider the guidelines and conclude that their application to a particular defendant would result in an inappropriate sentence for a defendant and sentence the defendant to a sentence the court deems fit. This court's decision would be reviewed for reasonableness which is a very deferential standard of review.

As this Court is well aware Mr. Snape suffered a horrific Childhood due to his abandonment by both his drug addicted father and his drug addicted mother and the served and repeated emotional and physical abuse he suffered at the hands of his mother and step-father. The whipping and the resulting scarring of a young boy need not be repeated here, because the details are so horrific that I would find it hard to believe anyone could forge such torture. The question for this Court is would this Court have imposed the same sentence as it did after being relieved of the mandatory application of the sentencing guidelines. In considering this question Mr. Snape request this Court to once again consider the terrible physical and mental abuse he suffered in his youth and decide if seven years of incarceration is to severe a punishment for an individual who was raised the way he was raised as a child.

Mr. Snape received a sentence from this Court of 84 months to serve or seven years. His guideline range was 120 moths due to the fact that his guideline range when calculated was above the statutory maximum for the charge he was convicted which was ten years or 120 months of incarceration Mr. Snape is currently incarcerated at BOP institution located at Fort Dix, New Jersey. It is Mr. Snape's position that unconstrained by the guidelines it would be reasonable for this Court to conclude that Mr. Snape should receive an additional reduction in the sentence imposed upon him. While it is true this Court departed from the guideline in imposing sentence upon Mr. Snape, and Mr. Snape is very grateful for the departure, it is also true that

under the holding of <u>Fanfan</u> this Court is entitled to fashion a less severe sentence upon him as long as that sentence is reasonable

Mr. Snape has no additional information regarding the abuse he suffered to submit to this Court. However, this Court may also consider the period of time he has been incarcerated and the rehabilitative efforts he has made while incarcerated. In addition, at his sentencing he has tremendous support from his family which demonstrates he has a significant chance of not re-offending when he is release. And finally, it again is hard to forget the emotional events that occurred during his sentencing; his re-unification with his father as well as his own recognition that he has the love and support of his family, something that he felt did not exist for him.

For all of the above reasons the defendant hereby requests the honorable Court to order a sentencing hearing to consider the above arguments in favor of such a re-sentencing.

            Respectfully submitted,
            NATHAN SNAPE


          By: _____
            Francis L. O'Reilly, Esq.
            O'Reilly & Shaw, LLC
            87 Ruane Street
            Fairfield, CT 06430
            TEL: (203) 319-0707
            FAX: (203) 319-0128
            Fed. Bar. No. CT17505

## **CERTIFICATION**

I hereby certify that a copy of the foregoing motion was mailed on this day to:

Robert Spector, Esq., AUSA
157 Church Street
New Haven, CT 06510


            _____
            Francis L. O'Reilly