UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | 3-02-cr-60 (JCH) |
| | : | |
| NATHAN SNAPE | : | JANUARY 18, 2006 |

**RULING RE: RESENTENCING [DKT. NO. 70]**

By Order of March 16, 2005, the Second Circuit remanded this case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005). The Crosby decision requires this court to consider whether it would have imposed "a materially different sentence, under the circumstances existing at the time of the original sentence, if [it] had discharged [its] obligations under the Post-Booker/Fanfan regime, and counsel had availed themselves of their new opportunities to present relevant considerations, . . ." . Id. at 117.  Thus, if this court would have imposed essentially the same sentence, even while treating the Sentencing Guidelines as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless.  However, if this court determines that, treating the Guidelines as advisory and considering all of the factors under § 3553(a), it would have imposed a non-trivially different sentence then that originally imposed, then the court must schedule a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on March 30, 2005 [Dkt. No. 66], that the parties file written submissions on the question of whether this court

would have imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory, and it had been allowed to consider all of the factors in § 3553(a). In response to that Order, the government and the defendant each filed a Memorandum (see Dkt. Nos. 71 and 70).

    The court is familiar with the <u>Booker</u> and <u>Crosby</u> decisions. In addition, the court presided at the trial of this matter and has a present recollection of the trial and the evidence presented there. Further, the court has reviewed the Pre-Sentence Report, the sentencing transcript, and the two memorandums submitted post-remand. Finally, the court is familiar with all the factors set forth at 18 U.S.C. §3553(a).

    Nathan Snape was originally sentenced to 84 months prison upon his conviction by a jury of being a felon in possession of a firearm  The court concludes that, after consideration of all of these matters, that a re-sentencing is not called for. In other words, had it known at the time of sentencing that the Guidelines were advisory and that it should consider them along with all the other factors in §3553(a) before imposing sentence, it would have sentenced Mr. Snape to the same sentence it did, 84 months. In doing so, the court relies in part on the reasons that were articulated at the original sentencing in connection with the court's departure at the time of sentencing, <u>see</u> Sentencing Transcript (4/2/03), as well as the reasons below.

    The court would determine the Sentencing Guidelines the same as they were originally determined in the initial sentencing, for a Guideline range of 120 months driven by the statutory maximum. While considering all of the §3553(a) factors, the court is particularly informed in this case by the defendant's extensive criminal history, and the need to deter him and to protect the public in the meantime. While the court is

mindful of the defendant's horrible childhood, the court already considered that in departing to 84 months. Further, the history of the defendant does not completely override the need to deter and protect the public. The court determines that the custodial sentence imposed of 84 months is a fair and just sentence which reflects consideration of all § 3553(a) factors.

After consideration of all of the §3553(a) factors, including treating the Guidelines as a factor that is not mandatory, as well as the prior record, including the pre-sentence report and the recently filed Memoranda, it is this court's conclusion that there is no reason to order a re-sentencing in this case because, if one were ordered, the sentence would be the same as that previously imposed.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of January, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge